UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TOM GONZALES, as Personal Representative for the Estate of Thomas J. Gonzales, II, and as Successor Trustee of THE THOMAS J. GONZALES II 2001 TRUST under agreement dated November 26, 2001 as amended and restated on November 28, 2001,<br><br>Defendant. | Case No: C 17-01523 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT**<br><br>Dkt. 35 |

The United States brings the instant action against Defendant Tom Gonzales ("Defendant"), as personal representative for the Estate of Thomas J. Gonzales, II (the "Estate"), and as successor trustee of THE THOMAS J. GONZALES II 2001 TRUST, under agreement dated November 26, 2001, as amended and restated on November 28, 2001 (the "Trust"), to collect unpaid interest assessed against Thomas J. Gonzales, II, deceased ("Taxpayer"). Presently before the Court is the United States' motion for summary judgment. Dkt. 35. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART and DENIES IN PART the United States' motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND[1]

### A. THE PRIOR ACTION

Taxpayer sold shares of stock resulting in a capital gain of $132,521,496 in the 2000 tax year. Dkt. 174 at 2, <u>Tom Gonzales v. United States</u>, Case No. 08-03189 SBA (N.D. Cal. Mar. 4, 2011) ("Refund Action" or "R.A."). To avoid the income tax attendant to such a gain, Taxpayer participated in a tax shelter. <u>Id.</u> at 14. In April 2001, he filed a tax return for the 2000 tax year, wherein he reported capital losses from the tax shelter. <u>Id.</u> at 5.

Taxpayer died in December 2001. Compl. ¶ 2. Upon his death, Defendant became the personal representative of the Estate and successor trustee of the Trust. <u>Id.</u> ¶¶ 3-4. Thereafter, Defendant signed a series of consent forms (i.e., the Consents) that purported to extend, through December 31, 2006, the deadline for the Internal Revenue Service ("IRS") to assess taxes against Taxpayer for the 2000 tax year. Gonzales Decl. ¶ 2.

On December 6, 2006, the IRS issued a notice of deficiency to Defendant, in his capacity as the representative of the Estate, for underpayment of income taxes in the amount of $26,231,835 and an accuracy-related penalty in the amount of $5,246,367. SNOD at US000064. On April 12, 2007, the IRS assessed the aforementioned sums, as well as $13,361,360.50 in interest. Compl. ¶ 16; Form 4340 at US000003. On or about April 13, 2007, the IRS gave notice of the assessment and made demand for payment. Compl. ¶ 17; Form 4340 at US000004.

The Estate paid the tax and penalty under protest on August 17, 2007. Compl. ¶ 11. Defendant, as the personal representative of the Estate, then filed an administrative claim for refund. <u>Id.</u> The IRS abated the penalty in full because the Estate had complied with the

---

[1] In support of the summary judgment motion, the United States provides the Declaration of David B. Palmer, IRS Revenue Officer ("Palmer Decl."), Dkt 35-1; Form 4340, Certificate of Assessments, Payments, and Other Specified Matters ("Form 4340"), <u>id.</u>, Ex. A, Dkt. 35-2; and Form INTSTD, <u>id.</u>, Ex. B, Dkt. 35-3.

In opposition to the motion, Defendant provides, inter alia, the Declaration of Tom Gonzales ("Gonzales Decl."), Dkt. 38 at 18; the Declaration of Mark Wray ("Wray Decl."), Dkt. 38 at 19-20; Statutory Notice of Deficiency ("SNOD"), <u>id.</u>, Ex. 1, Dkt. 38-1; Forms 872-I, Consent to Extend the Time to Assess Tax ("Consents"), <u>id.</u>, Exs. 2-4, Dkt. 38-2, 38-3 & 38-4; and a notice of partial claim disallowance ("Disallowance"), <u>id.</u>, Ex. 6, Dkt. 38-6.

IRS's disclosure initiative regarding abusive tax shelters, but otherwise disallowed the claim. Id. ¶ 12. The IRS did not refund the penalty, however, but retained the funds as a setoff against a portion of the interest owed on the additional tax liability for 2000. Id.

On July 2, 2008, Defendant, as personal representative of the Estate, filed suit in this Court for a refund. Dkt. 1, R.A. Among other issues raised by the parties and decided by the Court was whether the IRS had properly credited the refund of the accuracy-related penalty against Taxpayer's unpaid statutory interest. Dkt. 174 at 19-20, R.A. The action was resolved in the United States' favor on summary judgment ("SJ Order"), id., and the Court entered judgment for the United States, Dkt. 175, R.A. The Ninth Circuit affirmed the judgment ("USCA Memo"), Dkt. 186, R.A., and the Supreme Court denied a petition for writ of certiorari ("USSC Order"), Dkt. 190, R.A. See Compl. ¶ 13.

### B. THE INSTANT ACTION

Although Defendant satisfied the underpayment of income tax and penalty prior to filing the Refund Action, he failed to pay the interest assessed against Taxpayer for tax year 2000. Compl. ¶¶ 14, 18. As of August 29, 2016, Taxpayer remained indebted to the United States "in the amount of $8,749,116.09, plus such additional amounts, including interest and penalties, which accrued and continue to accrue as provided by law." Id. ¶ 19.

On March 21, 2017, the United States filed the instant action against Defendant—in his capacity as the personal representative of the Estate *and* as successor trustee of the Trust—to collect unpaid interest assessed against Taxpayer. The United States brings a single cause of action for reduction of interest to judgment.

On January 9, 2018, the United States filed the instant Motion for Summary Judgment, seeking judgment against Defendant, as personal representative of the Estate and successor trustee of the Trust, "in the amount of $9,234,440.14, for unpaid interest associated with the tax liability of [Taxpayer] for tax year 2000, less any additional credits according to proof, plus interest and other statutory additions as provided by 28 U.S.C. § 1961(c) and 26 U.S.C. §§ 6601, 6621 from January 4, 2018." Mot. at 6, Dkt. 35.

Defendant opposes the motion, arguing: (1) the IRS fails to establish the liability of either the Trust or the Estate; (2) the IRS's claim is barred by the statute of limitations; (3) the IRS did not give the requisite notice of the assessment of interest (4) the IRS's claim is barred by estoppel; and (5) the IRS cannot rely on the Form 4340 to carry its burden of proving the amount owed. Opp'n, Dkt. 38.

The United States filed a reply. Dkt. 41. After the close of briefing, the Court issued an order directing the parties to file supplemental briefs on two issues: (1) the liability of the Trust; and (2) the effect, if any, of the Refund Action on Defendant's statute of limitations claim. Dkt. 44. The parties submitted their respective briefs, and the motion is ripe for adjudication. U.S.'s Supp. Br., Dkt. 45; Def.'s Supp. Br., Dkt. 46.

## II. LEGAL STANDARDS

### A. SUMMARY JUDGMENT

A party may move for summary judgment on some or all of the claims or defenses presented in an action. Fed. R. Civ. P. 56(a). "Summary judgment is appropriate only where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Salazar-Limon v. City of Houston, Tex., 137 S. Ct. 1277, 1280 (2017) (quoting Fed. R. Civ. P. 56(a)). The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that establish the absence of a genuine dispute of material fact. Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1229 (9th Cir. 2000) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986)). If the moving party meets its burden, the burden then shifts to the non-moving party to go beyond the pleadings and identify specific facts demonstrating the existence of a triable issue. Id. (citing Celotex, 477 U.S. at 323-24; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

In evaluating a motion for summary judgment, "the court must 'view the facts and draw reasonable inferences in the light most favorable to the [non-moving party].'" Salazar-Limon, 137 S. Ct. at 1281 (quoting Scott v. Harris, 550 U.S. 372, 378 (2007) (quotation omitted)). Facts must be viewed in this manner, however, only if there is a

*genuine* dispute as to a *material* fact. Scott, 550 U.S. at 380. A factual dispute is material if it "might affect the outcome of the suit under governing law." Anderson, 447 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A factual dispute is genuine if it properly can be resolved in favor of either party. Id. at 250. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted).

### B. TAX LIABILITY

"In an action to collect taxes, the government bears the initial burden of proof." Palmer v. United States, 116 F.3d 1309, 1312 (9th Cir. 1997) (citing United States v. Stonehill, 702 F.2d 1288, 1293 (9th Cir. 1983)). The government may satisfy this burden by introducing into evidence its deficiency determinations and assessments of taxes due, which are generally entitled to a presumption of correctness. Oliver v. United States, 921 F.2d 916, 919 (9th Cir. 1990) (citing Stonehill, 702 F.2d at 1293). As to the form of this evidence, a Certificate of Assessments and Payments, i.e., a Form 4340, "is probative evidence in and of itself and, 'in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made.'" Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) (quoting Hughes v. United States, 953 F.2d 531, 540 (9th Cir. 1992) (a certified Form 4340 is admissible as a self-authenticating public record)). Introduction of the assessment shifts the burden to the taxpayer to rebut the presumption by countervailing proof. Stonehill, 702 F.2d at 1294. If rebutted, the presumption disappears, and the burden of proving the deficiency reverts to the government. Id.

## III. DISCUSSION

The United States moves to reduce outstanding interest to judgment. Interest accrues by operation of law upon the underpayment of any tax. 26 U.S.C. § 6601(a) ("If any amount of tax imposed by this title . . . is not paid on or before the last day prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid."). The United States asserts that the Refund Action conclusively determined Defendant's tax liability for the

2000 tax year, and thus, the accrual of interest on that tax is automatic. The United States further argues that the Form 4340 establishes that the assessment of interest was proper.

As discussed above, Defendant argues that the United States is not entitled to summary judgment for the following reasons: (1) it fails to establish the liability of either the Trust or the Estate; (2) its claim is barred by the statute of limitations; (3) it did not give the requisite notice of the assessment of interest; (4) its claim is barred by estoppel; and (5) it cannot rely on the Form 4340 to carry its burden of proving the amount owed. The Court addresses these arguments seriatim.

### A. LIABILITY OF THE ESTATE AND/OR TRUST

Defendant argues that the Estate and the Trust are distinct, and that the United States has failed to establish that the Trust (or any portion of it) is liable for the Taxpayer's outstanding indebtedness. The Court agrees.

Little information regarding the Trust is before the Court. Defendant asserts, and the United States does not dispute, that the Trust became irrevocable upon Taxpayer's death, and thus, is taxable as an entity separate from its grantor. After the United States failed to respond adequately to Defendant's argument in its reply brief, the Court directed the United States to file a supplemental brief addressing the issue. The supplemental brief fares no better. In conclusory fashion, the United States asserts:

> For purposes of reducing the outstanding unpaid interest assessment to judgment, the tax liability of Thomas Joel Gonzales for tax year 2000 extends to Defendant Tom Gonzales as both the Personal Representative of [the Estate] and the Trustee of [the Trust]. See Sequoia Property and Equipment Ltd. Partnership v. United States, No. CV-F-97-5044, 2002 WL 32388132, *2 (E.D. Cal. June 3, 2002) (stating that an executor, administrator, or distributee of a distributed estate are proper parties for substitution of a deceased party). The Trust, as a beneficiary of the pour-over-will of Thomas Joel Gonzales, is a distributee of the Estate and therefore Defendant as Trustee is a property [*sic*] party.

U.S.'s Supp. Br. at 1-2.

The Court finds that Sequoia, which concerns identification of a proper party to be substituted for a deceased litigant, is not directly on point. 2002 WL 32388132, at *2. A proper party—the personal representative of the Estate—is already present in this action.

The Court need not delve into such matters of law, however. Even if <u>Sequoia</u> is germane, the United States fails to adduce facts demonstrating that the Trust is a "distributee of a distributed estate." <u>Id.</u> Neither the Trust instrument nor the will are before the Court. Thus, even accepting that the Trust is a beneficiary under the will, the Court cannot ascertain whether the Estate has been distributed or whether the Trust received a distribution. Defendant asserts that the Estate has, in fact, made no distributions to the Trust. Def.'s Supp. Br. at 3. Whether it has or not, such evidence is not before the Court.

Because the United States fails to demonstrate that the Trust is a proper party to this action, summary judgment as to the Trust is DENIED. In light of that determination, the Court focuses its remaining analysis solely on the Estate.[2]

### B.  STATUTE OF LIMITATIONS

Defendant next argues that the Government's claim is barred by the three-year statute of limitations. Opp'n at 8 (citing 26 U.S.C. § 6501(a) ("Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed . . . and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.")). His argument is twofold: (1) the Consents may be invalid against the Estate, and thus, failed to extend the statute of limitations; and (2) even if the Consents are valid, the time to assess any tax or interest was extended only through December 31, 2006.

#### 1.  Validity of the Consents

Defendant notes that the statute of limitations was initially set to expire in 2004. Although the Consents purported to extend the statute of limitations to December 31, 2006, Defendant claims that the forms are "ambiguous." Opp'n at 8. Noting that the Consents

---

[2] In conclusory fashion, Defendant also disputes the liability of the Estate. Opp'n at 7 ("the moving papers fail to establish any basis for liability as the taxpayer of either the Trust or the Estate"). There is no doubt that Defendant, in his capacity as personal representative of the Estate, is a proper party, however. As a personal obligation of a decedent existing at the time of his or her death, unpaid income taxes are properly recovered as claims against the estate. See 26 U.S.C. § 2053; 26 C.F.R. §§ 20.2053-1, 20.2053-4, 20.2053-6(f). Moreover, the liability of the Estate was conclusively determined in the Refund Action, which Defendant brought on the Estate's behalf.

- 7 -

are signed, "Tom Gonzales TTEE [i.e., trustee]," Defendant argues that he signed the consents in his capacity as the trustee of the Trust, not in his capacity as the personal representative of the Estate. Id. Thus, Defendant posits, there is a genuine dispute as to "the validity of the consents" against the Estate. Id. at 9.

The Court finds this argument foreclosed by the Refund Action. Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action." In re Baker, 74 F.3d 906, 910 (9th Cir. 1996). "In the [income] tax context, once a taxpayer's liability for a particular year is litigated, 'a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year.'" Id. (quoting Commissioner v. Sunnen, 333 U.S. 591, 598 (1948) ("Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action.")).

In the Refund Action, the parties litigated the issue of the Taxpayer's liability for the 2000 and 2001 tax years. It is evident that Defendant could have raised the issue of the statute of limitations in that action. In fact, in the refund claim submitted to the IRS prior to the filing of the Refund Action, Defendant argued that "the statute of limitations for additional assessment had expired as of the date [the SNOD] was issued on December 6, 2006." Dkt. 28-1 at 32, R.A. For any of a number of reasons (e.g., because he deemed the argument meritless or because he explicitly relied on the validity of the consents in arguing that his refund claim for 2001 was timely, see Dkt. 91 at 21-22, R.A.), Defendant later omitted the statute of limitations argument from his complaint. Nevertheless, res judicata bars the Court from revisiting the legality of the underlying tax deficiency and assessment for which Defendant was found liable in the Refund Action.[3]

---

[3] Defendant posits: "In reality, if claim preclusion applies in this case to anyone, it should apply to the United States. In the [Refund] Action, the IRS could have, but did not, pursue the claim for additional interest." Def.'s Supp. Br. at 9. This issue was not raised in the opposition, and is beyond the scope of the supplemental briefing order. Moreover, an action to reduce unpaid tax assessments to judgment is not a compulsory counterclaim in a refund action. Caleshu v. United States, 570 F.2d 711, 713-14 (8th Cir. 1978) ("[T]he nature and purpose of the statutes authorizing government tax collection suits demonstrate Congress' intent that such suits were not to be compulsory counterclaims.").

## 2. The Limitations Period

Even if the Consents are valid, Defendant asserts that "the time period for assessing the tax and interest was extended only through December 31, 2006." Opp'n at 9. Noting that interest was not assessed until April 12, 2007, Defendant argues that the assessment was time-barred. Defendant makes two material errors.

First, by operation of sections 6503(a)(1) and 6213(a), the statute of limitations was suspended for 150 days after the SNOD was issued on December 6, 2006.[4] Shannahan v. United States, 47 F. Supp. 2d 1128, 1135-36 (S.D. Cal. 1999). Consequently, the limitation period to assess a tax deficiency did not expire on December 31, 2006, but rather, on May 30, 2007. Id. (explaining that any days remaining in the limitation period continue to run after the suspension period). Defendant acknowledged as much in the Refund Action. See Dkt. 91 at 21-22, R.A. The assessment on April 12, 2007 therefore was timely.

Second, although a tax deficiency must be assessed within three years after a return is filed, *interest* "may be assessed and collected at any time during the period within which the tax to which such interest relates may be collected." 26 U.S.C. § 6601(g); see also Field v. United States, 381 F.3d 109, 113 (2d Cir. 2004) ("section 6601(g) supplies the relevant limitations period" for the assessment of interest). The collection period for the underlying tax at issue here extends "10 years after the assessment of the tax." 26 U.S.C. § 6502(a). Thus, given that the assessment of interest "coincided with the commencement of the collection period, the assessment was no doubt timely." Field, 381 F.3d at 113.

## C. NOTICE

The Complaint alleges that notice of the assessment of interest and demand for payment thereof was given in April 2007. Compl. ¶ 17. Defendant asserts that the IRS failed to provide the alleged notice. As evidence of this purported failure, Defendant notes that he requested in discovery all notices and assessments sent to Taxpayer. Subject to and

---

[4] The IRS is prohibited from making an assessment for 90 days after a notice of deficiency is issued. 26 U.S.C. § 6213(a). The running of the period of limitations to make an assessment is suspended for that period and for 60 days thereafter. Id. § 6503(a)(1).

without waiving its general objections, the IRS responded that it had already produced responsive documents, identified as: (a) the SNOD; (b) the Form 4340; (c) the SJ Order; (d) the USCA Memo; and (e) the USSC Order. Defendant asserts that, "[o]bviously, none of these documents include any notice allegedly sent . . . on or about April 13, 2007, for the interest assessment." Opp'n at 12. He argues that the allegation regarding notice is therefore "unsubstantiated," and it is "safe to conclude that no such notices exist." Id.

The Government's response is somewhat unsatisfactory. It responds: "Defendant seems to believe that he was entitled to receive a notice, separate from the [SNOD], about the assessment of interest. This is simply not the case. Because the application of interest is automatic under [section 6601] in the case of an underpayment, his notice was the [SNOD]. Defendant certainly cannot claim that he did not receive proper notice of the tax liability for which he has already received a complete adjudication." Reply at 2-3.

The SNOD issued in December 2006 did not include interest. To be sure, a notice of deficiency need not—and, according to IRS rules, should not—include interest. See 26 U.S.C. § 6601(e)(1) (exempting interest from deficiency proceedings); Field, 381 F.3d at 113 (section 6601(e)(1) expressly excludes interest from the definition of a "tax" for purposes of deficiency proceedings); see also I.R.M. 4.8.9.8.3 (07-09-2013), 2007 WL 7994343, at *1 ("The notice of deficiency letter should specify the amount of tax and penalty for each tax period, but should not include the interest amount."). Given that a notice of deficiency need not include interest, however, the Government's assertion that notice separate and apart from the SNOD is not required is tantamount to an argument that no notice is required at all. The Government provides no authority to support this assertion, which is contradicted by statute. See 26 U.S.C. § 6601(e)(1) ("Interest prescribed under this section on any tax shall be paid *upon notice and demand* . . . .") (emphasis added). Generally, the notice and demand requirement is satisfied when the IRS informs a taxpayer of the amount owed and requests payment thereof. 26 U.S.C. § 6303(a). The Court finds that Defendant was thus entitled to notice of the assessment of interest.

The Government's perfunctory and unsupported argument aside, the Court nevertheless finds that notice was proper. As stated above, "Form 4340 is probative evidence in and of itself and, 'in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made.'" Hansen, 7 F.3d at 138 (quoting Hughes, 953 F.3d at 540). Here, the Form 4340 indicates that a "Statutory Notice of Balance Due" was first sent on April 12, 2007. Form 4340 at US000004.[5] Several additional notices were sent thereafter. Id. at US000004-5. Defendant offers no evidence to rebut the information contained in the Form 4340. Indeed, he does not even declare that no notice was received; rather, he asserts that the IRS failed to produce a copy of the notice during discovery. At most, this evidences a potential discovery violation, not a defect in the assessment and collection process. See Hughes, 953 F.2d at 539 n.4.

Moreover, the Court notes that Defendant did, in fact, receive notice of the assessment of interest. In the Refund Action, the Estate itself alleged that, "on or about July 28, 2008, Defendant's [*sic*] Internal Revenue Service credited the $5,246,367 [accuracy-related penalty] against asserted interest allegedly due of $13,361,360.50." Dkt. 28 ¶ 12 n.*, R.A. The propriety of crediting the accuracy-related penalty against the outstanding interest was litigated in the Refund Action. See Dkt. 174 at 19-20, R.A. It is therefore apparent that notice of the assessment of interest was given—and received—sometime before July 28, 2008.[6] Taken together with the presumption of regular notice established by the Form 4340, and in the absence of any evidence to negate that presumption, the Court finds that notice of the assessment of interest was proper.

---

[5] A statutory notice of balance due constitutes a notice and demand for payment. See United States v. Scott, 290 F. Supp. 2d 1201, 1209 (S.D. Cal. 2003); see also Elias v. Connett, 908 F.2d 521, 525 (9th Cir. 1990) ("The form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under 26 U.S.C. § 6303(a).").

[6] In the Refund Action, the Government also produced a Form 4340, dated August 19, 2009, showing assessed interest in the amount of $13,361,360.50. Dkt. 170-2 at 4, R.A.

### D. ESTOPPEL

Defendant further argues that the Government should be estopped from asserting its claim of interest because the IRS twice represented that "no interest was due." Opp'n at 16. Specifically, on December 6, 2006 and again on June 11, 2008—attached to the SNOD and Disallowance, respectively,—the IRS provided a Form 4549-A, "Income Tax Discrepancy Adjustments," that reflected "Interest (IRC § 6601)" in the amount of $0.00. SNOD at US000069; Disallowance at US000198. Although acknowledging that estoppel is applied sparingly against the government, Defendant argues that the IRS's misstatements are the "sort of 'official misconduct' that can be considered sufficient to estop the government." Id. (quoting Brandt v. Hickel, 427 F.2d 53, 56-57 (9th Cir. 1970)). This is based largely on Defendant's claim that the IRS failed to assess or provide notice of the assessment of interest prior to brining this suit, thereby allowing interest to accrue for 10 years.

"The traditional elements of an equitable estoppel claim include (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury. Additionally, a party asserting equitable estoppel against the government must also establish that (1) the government engaged in affirmative misconduct going beyond mere negligence; (2) the government's wrongful acts will cause a serious injustice; and (3) the public's interest will not suffer undue damage by imposition of estoppel." Baccei v. United States, 632 F.3d 1140, 1147 (9th Cir. 2011) (quotations and citations omitted).

Defendant fails to establish the elements of estoppel. The fact that no outstanding interest was shown on two forms is not necessarily an affirmative representation that no interest would be due. Rather, it may simply have been the case that the notices to which those forms were attached, i.e., the SNOD and Disallowance, did not address the matter of statutory interest. Moreover, even if the forms are construed as such a representation, Defendant has not shown that the IRS engaged in affirmative misconduct. Although the IRS may have been negligent in failing to accurately report the amount of interest owed,

"negligence alone will not support a claim of equitable estoppel against the government." Baccei, 632 F.3d at 1147.[7] Finally, no injury or injustice resulted. As discussed above, the evidence before the Court demonstrates that the IRS timely assessed the interest and issued a notice and demand for payment thereof. Defendant was made aware of the assessment by no later than July 28, 2008, and the issue of crediting the abated penalty as a setoff against the interest was litigated in the Refund Action. Thus, Defendant cannot plausibly claim that he failed to pay the interest for lack of notice.

### E. THE FORM 4340

Finally, Defendant contends that the Government is not entitled to rely on the Form 4340's presumption of correctness to "prove" the amount of interest owed. Opp'n at 12. As a threshold matter, Defendant errs in asserting that the United States must "prove" the amount of interest. "Although establishing the amount of *tax* liability is a matter of evidence, the amount of *interest* accrued on such tax liability is a matter of law." United States v. Sarubin, 507 F.3d 811, 816 (4th Cir. 2007) (emphasis in original) (citing United States v. Schroeder, 900 F.2d 1144, 1150 n.5 (7th Cir. 1990) (noting that the amount of interest "is not something the government must prove at trial")). The government need only provide sufficient evidence to prove the amount of the underlying tax debt, "which accrues interest by operation of statute." Id.[8]

In any event, Defendant's arguments challenging the Form 4340 are without merit. First, Defendant relies on Stallard v. United States, 806 F. Supp. 152, 159 (W.D. Tex. 1992) for the proposition that a Form 4340 "'prepared and executed after the expiration of the statute of limitations is no evidence that a valid assessment occurred.'" Opp'n at 14.

---

[7] Brandt, cited by Defendant, is inapt and does not control. The Court in Brandt held that *due process* was violated where an agency provided misinformation (i.e., that no adverse action would be suffered) such that notice of an adverse proceeding was effectively deprived. 427 F.2d at 56-57. The Court held that "some forms of erroneous advice are so closely connected to the basic fairness of the administrative decision making process that the government may be estopped from disavowing the misstatement." Id. Due process concerns like those at issue in Brant are not implicated here.

[8] Nevertheless, the government may (and should) provide documentation to assist the Court in establishing the amount of interest owed. See Schroeder, 900 F.2d at 1150 n.5.

This argument is easily dispensed with. Although Stallard was affirmed on other grounds, the Court of Appeals expressly rejected the proposition on which Defendant relies. Stallard v. United States, 12 F.3d 489, 493-94 (9th Cir. 1994) ("the district court erred" in requiring a Form 4340 to be prepared within the prescriptive period). The Court of Appeals explained that the assessment itself must be timely, but that the supporting record need not be prepared within the statute of limitations. Id. Defendant's reliance on Stallard is therefore clearly misplaced.

Second, Defendant argues that the presumption of validity is rebutted here because "evidence shows the information in the forms to be erroneous." Opp'n at 14. Specifically, he asserts that, "in 2007, the Form 4340 *would have said* . . . that the [$5.2 million penalty] was owed," even though the IRS subsequently abated the penalty on the ground that it was "wrongfully charged." Id. The logic behind this argument is flawed. The form filed in this action reflects that the accuracy-related penalty was abated. Form 4340 at US000004. Thus, no error appears. Moreover, insofar as an "error" existed in 2007, it was not in the form, but in the penalty assessment itself. "Where an assessment is based on more than one item," however, "the presumption of correctness attaches to each item." Stonehill, 702 F.2d at 1294. "Proof that an item is in error destroys the presumption for that single item; the remaining items retain their presumption of correctness." Id. Thus, even if the IRS erred in imposing the accuracy-related penalty, that error does not infect other items, such as assessed interest.

In view of the forgoing, the Court finds that the Government may rely on the Form 4340 to establish the amount of interest owed. The Form 4340, together with the Form INTSTD, shows a balance due of $9,234,440.14 as of January 4, 2018. See Palmer Decl. ¶ 7. Defendant offers no evidence to dispute this sum. Consequently, the Court finds that the Estate remains indebted to the United States in the sum of $9,234,440.14, plus interest as provided by 26 U.S.C. §§ 6601 and 6621 from January 4, 2018, to the date paid.

## IV. CONCLUSION

In view of the forgoing,

IT IS HEREBY ORDERED THAT:

1. The Government's motion for summary judgment (Dkt. 35) is GRANTED IN PART and DENIED IN PART. The motion is DENIED as to the Trust, and GRANTED as to the Estate. Judgment shall be entered in favor of the United States and against Tom Gonzales, as Personal Representative for the Estate of Thomas J. Gonzales, II, in the amount of $9,234,440.14, plus interest as provided by 26 U.S.C. §§ 6601 and 6621 from January 4, 2018, to the date paid.

2. Given that the Government has failed to establish the liability of the Trust, and that the Court has already provided the Government an opportunity to file a supplemental brief on the issue, the Government shall SHOW CAUSE why the action against the Trust should not be dismissed. The Government shall file a written response, not to exceed 5 pages, within 7 days of the date this Order is entered. Failure to comply with this Order will result in the dismissal of the action against the Trust without further notice.

IT IS SO ORDERED.

Dated: June 20, 2018

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge